**Sam W. McGEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7697.

Court of Appeals of Alaska.

July 26, 2002.

James M. Hackett, Law Office of James M. Hackett, Inc., Fairbanks, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION ON REHEARING*

STEWART, Judge.

Sam W. McGee entered a no contest plea to various counts of controlled substance misconduct [1] preserving his right to appeal the superior court's denial of his motion to suppress evidence.

The police discovered the evidence against McGee after the police intercepted a Federal Express package addressed to McGee and tested it with an Ion Track Instruments "Itemiser"—an ion mobility spectrometer. The Itemiser test revealed traces of a controlled substance. Based on this test result, the police obtained a search warrant to open the package. When the police opened the package, they found about 7 ounces (200 grams) of cocaine. This discovery prompted further investigation and ultimately led to the charges against McGee.

McGee raises several claims on appeal, but we address only one of them: whether the police must have reasonable suspicion to temporarily remove McGee's package from the normal flow of commerce and test it with the Itemiser.

When McGee raised this issue in the superior court, the State responded that the Itemiser examination "cannot be said to be so intrusive as to trigger 4th Amendment protection." The State argued that the Itemiser was nothing more than an electronic "dog-sniff" and relied on a statement from

---

1. *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

*United States v. Place*[2] that a dog sniff "did not constitute a 'search' within the meaning of the Fourth Amendment."[3]

But in *Gibson v. State*,[4] this court ruled that the police need reasonable suspicion of criminal activity before they can temporarily detain a package and subject it to sniffing by a drug detection dog.[5] We conclude this same rule applies to temporary detention of a package for the purpose of subjecting it to ion mobile spectrometry.

At the hearing on McGee's motion to suppress, the State understood the superior court's analysis of the issue to be "that if in fact this Itemiser is the functional equivalent of a dog sniff, then the search is bad and we would have suppression." The court confirmed the State's understanding and also observed that "from the record, I don't see anything that would justify even a reasonable suspicion until such time as [the package] is exposed to the Itemiser." The State did not ask to present any additional evidence at the hearing on the issue of reasonable suspicion. The court then ordered supplemental briefing on the issue of whether the use of the Itemiser was a search.

In its supplemental brief to the trial court, the State argued that "[t]he package was detained and the Itemiser used based on nationally developed criteria that establish reasonable suspicion." The State claimed that in the totality of the circumstances, reasonable suspicion was established in light of what the police knew but did not cite any specific facts from McGee's case that established reasonable suspicion. The superior court ruled that the use of the Itemiser did not implicate the Fourth Amendment and denied McGee's motion.

The State argues that we should remand the case so the superior court can squarely address the question whether there was reasonable suspicion to subject the package to the Itemiser. Because the court resolved McGee's motion on a ground independent of that question, we will remand the case to the superior court to address the following question: Was there reasonable suspicion when McGee's package was tested with the Itemiser?

The superior court shall transmit its findings on this question to this court within ninety days. Each party shall have thirty days from this court's receipt of those findings to submit supplemental memoranda addressing those findings. At that time, we will resume consideration of McGee's case.

The case is REMANDED to the superior court. We retain jurisdiction.

---

**2.** 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).

**3.** *Id.,* 462 U.S. at 707, 103 S.Ct. at 2645.

**4.** 708 P.2d 708 (Alaska App.1985).

**5.** *See id.* at 709–10.